# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 13-610V
### (Not to be Published)

* * * * * * * * * * * * * * * * * * * * * * * *
|  |  |
|---|---|
| AMY COWEN, | Special Master Corcoran |
| Petitioner, | |
| v. | Dated: April 19, 2016 |
| | Attorney's Fees and Costs; Forum Rate; Reasonable Hours. |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

* * * * * * * * * * * * * * * * * * * * * * * *

*Ronald Craig Homer*, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for Petitioner.

*Claudia Gangi*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## ATTORNEY'S FEES AND COSTS DECISION[1]

On August 27, 2013, Amy Cowen filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] In the petition, Ms. Cowen alleged she developed a neurological demyelinating injury as a result of receiving the influenza ("flu") vaccine. The case was settled over two years later, and I issued a decision awarding Petitioner compensation on October 21, 2015. ECF No. 47.

On March 11, 2016, Petitioner filed a Motion requesting an award of attorney's fees in the

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act.

amount of $34,856.50, and costs in the amount of $16,318.09, for a total amount of $51,174.59. ECF No. 51. In accordance with General Order No. 9, Petitioner's counsel also represented that Petitioner separately incurred $36.70 in reimbursable costs in proceeding with this petition. ECF No. 52.

On March 28, 2016, Respondent filed a document reacting to Petitioner's Motion. ECF No. 54. Respondent asserts that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for Respondent in the resolution of a request by a Petitioner for an award of attorney's fees and costs." *Id*. at 1. Respondent added that she "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id*. at 2. However, she maintained that a reasonable amount for fees and costs in the present case would fall between $28,000 and $36,000, providing no substantiation for this proposed range. *Id*. at 3.

On April 7, 2016, Petitioner filed a reply. ECF No. 55. Petitioner argued that Respondent's reference to an unfiled "survey" for a proposed range of fees is not appropriate. *Id*. at 4. Petitioner also points to other special master decisions that reject blanket objections and vague responses by Respondent. *Id*. at 6.[3]

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). I have reviewed the billing records submitted with Petitioner's initial request and, based on my discretion and Vaccine Program experience, find no cause to reduce the requested hours or rates. The attorneys and paralegals in this matter request hourly rates consistent with those proposed in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). Therefore, I find the requested rates reasonable. Furthermore, Petitioner's request for an additional fee of $418.00 for preparation of the reply is also reasonable.

As noted above, Petitioner also requests an award of costs in the amount of $16,318.09. ECF No. 51. Respondent does not object to these costs as unreasonable, and upon review of the record I find that they are reasonable.

Accordingly, based on the reasonableness of Petitioner's request, I hereby **GRANT** Petitioner's Motion for attorney's fees and costs. **I award a total of $51,592.59[4] as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel Mr. Ronald Homer. I also award a total of $36.70 as a lump sum in the form of a check payable solely to**

---

[3] Petitioner requested additional attorney's fees in the amount of $418.00 for preparing the reply. ECF No. 56. She did not, however, provide specific billing entries describing how this time was expended.

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

**Petitioner in accordance with her General Order No. 9 submission.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

s/Brian H. Corcoran  
Brian H. Corcoran  
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the Parties' joint filing of notice renouncing the right to seek review.